**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD SHUPE; MARIA L. SHUPE, | No.    15-15753 |
| Plaintiffs-Appellants, | D.C. No. 4:13-cv-00019-JGZ-JR |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted November 16, 2016[**]

Before:      LEAVY, BERZON, and MURGUIA, Circuit Judges.

Richard and Maria L. Shupe appeal pro se from the district court's summary

judgment in their action alleging claims arising under the Telephone Consumer

Protection Act ("TCPA") and state law.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *T.W. Elec. Serv., Inc.*, v. *Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir. 1987). We affirm.

The district court properly granted summary judgment on the Shupes' TCPA claim because the Shupes failed to raise a genuine dispute of material fact as to whether any of Bank of America's calls to their residential telephone line included the use of an artificial or prerecorded voice message. *See* 47 U.S.C. § 227(b)(1)(B) (prohibiting only the use of an artificial or prerecorded voice in a call to a residential telephone line); *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ("[T]he nonmoving party must set forth, by affidavit or as otherwise provided in [Fed. R. Civ. P.] 56, *specific facts* showing that there is a genuine issue for trial." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on the Shupes' invasion of privacy claim because the Shupes failed to raise a genuine dispute of material fact as to whether Bank of America's calls were a substantial interference that would be highly offensive to a reasonable person. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 812 (9th Cir. 2002) (Under Arizona law, there is no liability for the tort of intrusion upon seclusion "unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary man, as the result of conduct to which the

reasonable man would strongly object"); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

The district court did not abuse its discretion in striking the Shupes' joint affidavit as a "sham affidavit" because it contradicted Richard Shupe's prior deposition testimony. *See Yeager v. Bowlin*, 693 F.3d 1076, 1079, 1080 (9th Cir. 2012) (setting forth standard of review and explaining that under the "sham affidavit" rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying the Shupes' motion to compel discovery because the denial of the motion did not result in actual and substantial prejudice, as the discovery the Shupes sought would not preclude summary judgment. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review for the denial of motion to compel discovery and explaining that the district court's broad discretion to deny discovery will not be disturbed except for the clearest showing that denial resulted in actual and substantial prejudice to the complaining litigant).

15-15753

We do not consider materials not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**